**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KEVIN GRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.:    3:16-cv-00919 |
| ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY, ) | **JURY TRIAL DEMANDED** |
| a Corporation, ) | |
| ) | |
| **SERVE:  Corporation Service Company** ) | |
| **801 Adlai Stevenson Drive** ) | |
| **Springfield, IL 62703** ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**COUNT I**
**(Safety Appliance Act)**

COMES NOW the Plaintiff, KEVIN GRANT, by and through his attorneys, KUJAWSKI MARCUS, LLC, and for Count I of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, states as follows:

1.    That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51-60, and the Safety Appliance Act, 49 U.S.C. Section 20302 as hereinafter more fully shown.

2.    That at all times mentioned herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, was and is a corporation controlled, operated, and maintained in interstate commerce, engaged in transporting interstate commerce between various states by rail including the states of Illinois and Kentucky.

3.    That on or about November 11, 2015, or on a date known more certainly to the Defendant, and at all times mentioned herein, the Plaintiff, KEVIN GRANT, was

an employee of the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, and had been for several years prior thereto.

4.      That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5.      That on or about the above-said date, and at all times relevant herein, the Plaintiff was employed by the Defendant as a conductor and as such, performed his duties in Champaign, Illinois.

6.      That on or about November 11, 2015, or on a date known more certainly to the Defendant, the Plaintiff was injured while attempting to uncouple Defendant's caboose IC199408, which was equipped with a defective pin lifter, coupler and coupling mechanisms.

7.      That at said time and place, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, by and through its agents, servants, and employees, violated the Safety Appliance Act committing one or more of the following acts or omissions in violation of the Act, to wit:

(a)      Used and/or allowed to be used on its car, pin lifters, couplers and/or coupling mechanisms which were defective in that they were not capable of being uncoupled, without the necessity of individuals going  between the ends of the cars.

8.      That as a result, in whole or in part, of one or more of the above and foregoing violations of the Safety Appliance Act, the Plaintiff, while in the performance of his duties as a conductor, and in connection with and in the scope and course of his employment, was caused to become severely injured as he attempted to uncouple the caboose, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the

muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the neck, back, and spine; injuries to his right shoulder and upper extremities; an aggravation of a pre-existing condition; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, KEVIN GRANT, prays for judgment against the Defendant ILLINOIS CENTRAL RAILROAD COMPANY in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

## COUNT II
### (Federal Employers' Liability Act – Strict Liability)

COMES NOW the Plaintiff, KEVIN GRANT, by and through his attorneys, KUJAWSKI MARCUS, LLC and for Count II of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, states as follows:

1.      That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51 <u>et. seq</u>.

2.      That at all times mentioned herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, was and is a corporation controlled, operated, and maintained in interstate commerce, engaged in transporting interstate commerce between various states by rail including the states of Illinois and Kentucky.

3.      That on or about November 11, 2015, or on a date known more certainly to the Defendant, and at all times mentioned herein, the Plaintiff, KEVIN GRANT, was an employee of the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, and had been for several years prior thereto.

4.      That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5.      That on or about the above-said date, and at all times relevant herein, the Plaintiff was employed by the Defendant as a conductor and as such, performed his duties in Champaign, Illinois.

6.      That on or about November 11, 2015, or on a date known more certainly to the Defendant, the Plaintiff was injured while attempting to uncouple Defendant's caboose IC199408, which was equipped with a defective pin lifter, coupler and coupling mechanisms.

7.     That at said time and place, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, by and through its agents, servants, and employees, violated one or more of the following regulations, to wit:

(a)   Violated 49 C.F.R. Section 215.9 in moving a car with a defective coupling mechanism and other defects without a "bad order" tag attached to it;

(b)   Violated 49 C.F.R. Section 215.9(c) in moving a defective car for purposes other than to effect a repair;

(c)   Violated 49 C.F.R. Section 215.11 in failing to designate qualified inspectors to inspect its cars for defects;

(d)   Violated 49 C.F.R. Section 215.123 in placing in service a car with defective couplers;

(e)   Violated 49 C.F.R. Section 215.125 in placing in service a car with a defective uncoupling device;

(f)   Violated 49 C.F.R. Section 215.127 in placing a car with a defective draft arrangement;

(g)   Violated 49 C.F.R. Section 215.129 in placing a car with a defective cushing device;

(h)   Violated 49 C.F.R. Section 231.10 and 231.1(k) in placing a caboose in service with a noncomplying coupling device.

8.     That as a result, in whole or in part, of one or more of the above and foregoing violations, the Plaintiff, while in the performance of his duties as a conductor, and in connection with and in the scope and course of his employment, was caused to become severely injured as he attempted to uncouple the caboose, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the neck, back, and spine; injuries to his right shoulder and upper extremities; an aggravation of a pre-existing condition; that Plaintiff has sustained pain and suffering in the past, and is reasonably

certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, KEVIN GRANT, prays for judgment against the Defendant ILLINOIS CENTRAL RAILROAD COMPANY in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT III**
**(Negligence)**

COMES NOW the Plaintiff, KEVIN GRANT, by and through his attorneys, KUJAWSKI MARCUS, LLC, and for Count III of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a Corporation states as follows:

1.      That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51-60, as hereinafter more fully shown.

2.      That at all times mentioned herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, was a corporation and was controlled, operated and

maintained in interstate commerce, engaged in transporting interstate commerce between various states by rail including the states of Illinois and Kentucky.

3.     That on or about November 11, 2015, and at all times mentioned herein, the Plaintiff, KEVIN GRANT, was an employee of Defendant, ILLINOIS CENTRAL RAILROAD COMPANY and had been several years prior thereto.

4.     That at all times mentioned herein all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5.     That on or about the above said date, the Plaintiff was employed by the Defendant as a conductor, and as such, was in the performance of his duties in Champaign, Illinois.

6.     That on or about November 11, 2015, or on a date known more certainly to the Defendant, the Plaintiff was injured while attempting to uncouple Defendant's caboose IC199408, which was equipped with a defective pin lifter, coupler and coupling mechanisms.

7.     That at said time and place the Defendant, by and through its agents, servants and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

(a)     Failed to furnish Plaintiff with a reasonably safe place in which to work;

(b)     Failed to provide Plaintiff with a safe method of work;

(c)     Allowed to be used on its caboose, a defective pin lifter;

(d)     Allowed to be used on its caboose, a defective coupling mechanism;

(e)     Allowed to be used on its caboose a pin lifter which failed to function;

(f)    Allowed to be used on its caboose, a coupling mechanism which failed to function;

(g)    Violated 49 C.F.R. Section 215.9 in moving a car with a defective coupling mechanism and other defects without a "bad order" tag attached to it;

(h)    Violated 49 C.F.R. Section 215.9(c) in moving a defective car for purposes other than to effect a repair;

(i)    Violated 49 C.F.R. Section 215.11 in failing to designate qualified inspectors to inspect its cars for defects;

(j)    Violated 49 C.F.R. Section 215.123 in placing in service a car with defective couplers;

(k)    Violated 49 C.F.R. Section 215.125 in placing in service a car with a defective uncoupling device;

(l)    Violated 49 C.F.R. Section 215.127 in placing a car with a defective draft arrangement;

(m)    Violated 49 C.F.R. Section 215.129 in placing a car with a defective cushing device;

(n)    Violated 49 C.F.R. Section 231.10 and 231.1(k) in placing a caboose in service with a noncomplying coupling device;

(o)    Failed to maintain and repair its caboose pin lifter and coupling mechanism;

(p)    Required plaintiff to use a vehicle with defective parts and safety appliances;

(q)    Violated its internal rules, policies and procedures in failing to provide plaintiff a reasonably safe place in which to work; and,

(r)    Allowed unsafe practices to become the common practice.

8.    That as a result, in whole or in part, of one or more of the above and foregoing negligent acts or omissions, the Plaintiff, while in the performance of his duties as a conductor, and in connection with and in the scope and course of his employment, was caused to become severely injured as he attempted operate the pin

lifter to uncouple the caboose, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints, and discs of the neck, back, and spine; injuries to his right shoulder and upper extremities; an aggravation of a pre-existing condition; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, KEVIN GRANT, prays judgment against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

                    **KUJAWSKI MARCUS, LLC**

            By:    s/ Robert P. Marcus
                   **ROBERT P. MARCUS, IBN 6277965**
                   1331 Park Plaza Drive, Suite 2
                   O'Fallon, Illinois 62269-1764
                   Telephone:  (618) 622-3600
                   Facsimile:   (618) 622-3700
                   **ATTORNEYS FOR PLAINTIFF**